HILTON HOTELS CORPORATION, ET AL., [1] Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent Hilton Hotels Corp. v. Commissioner
Docket Nos. 5512-78, 5513-78, 5514-78.
United States Tax Court
T.C. Memo 1983-305; 1983 Tax Ct. Memo LEXIS 480; 46 T.C.M. (CCH) 303; T.C.M. (RIA) 83305; May 31, 1983. *480 Milton A. Levenfeld, for the petitioners. Harmon B. Dow, for the respondent. PARKER
MEMORANDUM OPINION PARKER, Judge: Respondent determined the following corporate income tax deficiencies: Docket No.
Year
Deficiency
5514-78
1968
$2,146,768.00
5514-78
1969
3,533,225.00
5514-78
1970
22,099.00
5513-78
10/1/70 - 12/31/70
118,146.00
5513-78
1/1/71 - 8/19/71
1,253,055.00
5512-78
1971
779,866.00
5512-78
1972
1,659,494.00
After concessions, the sole issue for decision is whether petitioners' casino accounts receivable arising from their extension of credit for gambling purposes must be accrued in petitioners' taxable incomes in the year such receivables arose or must be accrued only when collected by petitioners. [2]
This case was submitted fully stipulated under Rule 122, Tax Court Rules of Practice and Procedure. *481 The stipulated facts are so found. The stipulation of facts and exhibits attached thereto and the stipulation of settled issues are incorporated herein by this reference. The pertinent facts will be briefly summarized below. Tracy Investment Company (Tracy) was a Nevada corporation incorporated in 1962. Its principal offices were located in Las Vegas, Nevada. Tracy filed consolidated Federal income tax returns for 1968, 1969, and 1970 with the Internal Revenue Service Center at Ogden, Utah. Tracy was liquidated in 1971 and its assets were distributed to Kirk Kerkorian, who had his principal place of business in Culver City, California, when the petition in docket No. 5514-78 was filed. Kerkorian was Tracy's sole shareholder. International Leisure Corporation (Leisure) was a Nevada corporation incorporated in 1968. Tracy was its majority shareholder until September 29, 1970, and the operations of Leisure were included on Tracy's consolidated returns through September 30, 1970. Thereafter, Leisure and its subsidiaries filed consolidated Federal income tax returns for the periods (1) October 1, 1970 through December 31, 1970, and (2) January 1, 1971 through August 19, 1971, with *482 the Internal Revenue Service Center at Ogden, Utah. Hilton Hotels Corporation is now the transferee of Leisure for these periods, and is liable for any deficiencies in Federal income tax due from Leisure, plus interest thereon. Hilton Hotels Corporation (Hilton) is a corporation which had its principal place of business in Beverly Hills, California, when the petitions in docket Nos. 5512-78 and 5513-78 were filed. It filed Federal income tax returns for 1971 and 1972 with the Internal Revenue Service Center at Kansas City, Missouri. Those consolidated returns included the results of Leisure's operations for 1971 (beginning August 20) and 1972. The Flamingo Resort and the Las Vegas International Hotel were the names of two hotel/casino businesses operated in Las Vegas, Nevada. These businesses were sequentially owned, for Federal tax purposes, by Tracy (through September 29, 1970), Leisure (September 30, 1970 through August 19, 1971), and Hilton (August 20, 1972, and thereafter). From 1967, the Flamingo Resort was operated through the Flamingo Resort, Inc. (Flamingo), and from early 1968, the Las Vegas International Hotel was operated through Las Vegas International Hotel, *483 Inc. (International). Both Flamingo and International were Nevada corporations. Flamingo and International were accrual basis taxpayers during the years in issue, as were Tracy, Leisure, and Hilton. Flamingo and International were licensed toi operate gambling casinos, and during the years in question derived large amounts of income from various games of chance. It is an integral and necessary part for the conduct of each casino's gambling business to extend credit to its gambling patrons. A great preponderance of the gambling occurring at the Flamingo and International casinos during the period in question was by casino patrons to whom the casino had extended credit. This credit extended to the casino's gambling patrons constitutes the various petitioners' "casino accounts receivable." Most, if not all, of the debts created by the extension of credit to gambling patrons are legally unenforceable under Nevada law. The casinos actually received payment on as much as 96 percent of their outstanding casino accounts receivable. In computing its income tax liabilities during the periods in question, neither Flamingo nor International included the amounts of its respective outstanding *484 casino accounts receivable as assets or revenue for tax purposes because the corporations considered the casino accounts receivable void and unenforceable under Nevada law. In Flamingo Resort, Inc. v. United States,664 F. 2d 1387 (9th Cir. 1982), rehearing and rehearing en banc denied (April 2, 1982), affg. 485 F. Supp. 926 (D. Nev. 1980), involving an earlier tax year of Flamingo, the Ninth Circuit held that the casino accounts receivable were properly includable in the taxpayer's income under the "all events" test of the accrual method of accounting, notwithstanding the unenforceability of the gambling debts under state law. 664 F. 2d at 1388-1391. In Desert Palace, Inc. v. Commissioner,72 T.C. 1033 (1979), this Court held that most of that taxpayer's "casino accounts receivable" were not includable under its accrual method of accounting. 72 T.C. at 1050-1051. [3] On appeal by respondent, the taxpayer in Desert Palace, Inc., conceded that its case was "on all fours" with Flamingo Resort, Inc., and the Ninth Circuit summarily reversed reversed this Court on the basis of Flamingo Resort, Inc., *485 declining the taxpayer's invitation to reconsider the question en banc. Desert Palace, Inc. v. Commissioner,698 F. 2d 1229 (9th Cir. 1982), reversing and remanding 72 T.C. 1033 in an unpublished Memorandum Order. Our review of the record indicates that this case is factually indistinguishable from Flamingo Resort, Inc. and Desert Palace, Inc. Moreover, petitioners declined our invitation to submit a supplemental brief *486 addressing any factual differences, and their response to the Court concedes that there are no material factual differences. An appeal in these consolidated cases would lie to the United States Court of Appeals for the Ninth Circuit. Under our rule of Golsen v. Commissioner,54 T.C. 742, 756-758 (1970), affd. 445 F. 2d 985 (10th Cir. 1971), cert. denied 404 U.S. 940 (1971), we are bound to follow the Ninth Circuit's rulings. [4]
To reflect the parties' concessions and the above holding, Decisions will be entered under Rule 155.
Footnotes
1. The following cases have been consolidated: Hilton Hotels Corporation, docket No. 5512-78; Hilton Hotels Corporation, Transferee of International Leisure Corporation and Subsidiaries, docket No. 5513-78; and Tracy Investment Company, docket No. 5514-78.↩
2. The parties have stipulated to the adjustments to income that will result from our resolution of the remaining issue, including additions to a bad debt reserve should we find for respondent on this issue.The other issues are merely computational, and depend upon our resolution of the remaining issue.↩
3. Our holding distinguished between "pit markers," which under state law were presumptively gambling debts and thus not legally enforceable and "cage markers," which under state law were presumptively not gambling debts, and thus could be valid. We held that casino accounts receivable represented by "pit markers" were properly excluded from the taxpayer's income under the "all events" test of the accrual method. 72 T.C. at 1050. However, our decision was based largely on a concession by respondent in an area that we viewed as "more complex than perceived by the parties." 72 T.C. at 1050, n. 8. See also Flamingo Resort, Inc. v. United States,664 F. 2d at 1391↩, n. 5.
4. We express no view regarding the continued vitality of our opinion in Desert Palace, Inc. v. Commissioner,72 T.C. 1033↩ (1979).